IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

JENNIFER ST. JOHN, individually, and as
personal representative of the Estate of
Steve St. John, deceased,

    Plaintiffs,

v.                                                        CIV 08-229 JCH/KBM

ROBERT WILCOX, M.D. and
GILA REGIONAL MEDICAL CENTER,

    Defendants.

# PROPOSED FINDINGS
# AND
# RECOMMENDED DISPOSITION

Sue St. John is decedent Steve St. John's widow and the mother of his two daughters – Holly, a minor, and Jennifer, an adult student attending college in Florida. *See Doc. 1* at 1. The original complaint named Sue St. John as plaintiff in three capacities: on her own behalf, as representative of her husband's estate, and as parent and next friend of Holly and Jennifer. *Id.* Later, presiding District Judge Judith Herrera granted a motion to substitute Jennifer as the sole Plaintiff. In doing so, she implicitly denied Defendant Gila Regional Medical Center's ("Gila's")

request to impose sanctions because of alleged deficiencies on the part of Plaintiffs' counsel with regard to the substitution.  *See Docs. 51, 44.*

Gila then filed a motion to dismiss this action as a sanction for discovery failures, specifically, the failure of Plaintiff's counsel to respond to Gila's requests for production and interrogatories that were served on Sue St. John in her individual and representative capacities that predated Plaintiff's motion to substitute.  *See Doc. 53* at 1-2, 6, 13, 27.  When noticed with a letter from opposing counsel that the responses were a month overdue and, if not forthcoming, the matter would be taken up "with the Court," *id.* at 42, Plaintiff's counsel took the position that because she was no longer a party the, he did not "know how the Court could . . . order Ms. Sue St. John to do anything" and rather "than spending a lot of time briefing and arguing this issue, let me suggest that we call the Magistrate [Judge] and get her thoughts," *id.* at 43.  That never happened.  *See, e.g., Docs. 53, 54, 60.*  Instead, the instant motion was filed, and it was referred to me for recommended findings.  *See Doc. 61.*  I recommend that it be denied.

Gila takes the position that because Judge Herrera's motion makes no mention about what capacity Sue St. John was dismissed in, that she remains a party to this case.  *See Doc. 60* at 2.  I simply disagree - she no longer appears in *any* capacity as a plaintiff.

2

Nor does Gila's contention that dismissal is warranted as a sanction have any merit. FED. R. CIV. P. 37(b)(2)(A) provides, in part, that:

> If a party . . . fails to obey an order to provide or permit discovery . . . the court where the action is pending may issue further just orders. They may include the following:
>
> (I) directing that the matters embraced in the order or other designated facts be taken as established for purposes of the action, as the prevailing party claims;
>
> (ii) prohibiting the disobedient party from supporting or opposing designated claims or defenses, or from introducing designated matters in evidence;
>
> (iii) striking pleadings in whole or in part;
>
> (iv) staying further proceedings until the order is obeyed;
>
> (v) dismissing the action or proceeding in whole or in part;
>
> (vi) rendering a default judgment against the disobedient party; or
>
> (vii) treating as contempt of court the failure to obey any order except an order to submit to a physical or mental examination.

"Determination of the correct sanction for a discovery violation is a fact-specific inquiry" that this Court must make. *Ehrenhaus v. Reynolds,* 965 F.2d 916, 920 (10th

Cir. 1992). Dismissal is an "extreme sanction" and appropriate in cases where there is "flagrant bad faith" and counsel exhibits a "callous disregard" for his or her responsibilities. *Nat'l Hockey League v. Metro. Hockey Club, Inc.,* 427 U.S. 639, 643 (1976). Tenth Circuit precedent counsels that the district court consider whether a lesser sanction than dismissal will deter the "willful misconduct:"

> dismissal represents an extreme sanction appropriate only in cases of willful misconduct. . . . In many cases, a lesser sanction will deter the errant party from further misconduct. "Because dismissal with prejudice 'defeats altogether a litigant's right to access to the courts,' it should be used as 'a weapon of last, rather than first, resort.' " [and in footnote] Particularly in cases in which a party appears *pro se*, the court should carefully assess whether it might appropriately impose some sanction other than dismissal, so that the party does not unknowingly lose its right of access to the courts because of a technical violation.

*Ehrenhaus,* 965 F.2d at 920 (internal citations omitted); *see also e.g., Procter & Gamble Co. v. Haugen,* 427 F.3d 727, 737-38 (10th Cir. 2005) (same).

In deciding whether to dismiss as a sanction:

> The district court's discretion to choose a sanction is limited in that the chosen sanction must be both "just" and "related to the particular 'claim' which was at issue in the order to provide discovery." . . . Before choosing dismissal as a just sanction, a court should ordinarily consider a number of factors, including: "(1) the degree of actual prejudice to the defendant; (2) the amount of interference with the judicial process; . . . (3) the

4

>culpability of the litigant," . . . ; (4) whether the court warned the party in advance that dismissal of the action would be a likely sanction for noncompliance . . . ; and (5) the efficacy of lesser sanctions. . . . "Only when the aggravating factors outweigh the judicial system's strong predisposition to resolve cases on their merits is dismissal an appropriate sanction."
>
>These factors do not constitute a rigid test; rather, they represent criteria for the district court to consider prior to imposing dismissal as a sanction. The court should ordinarily evaluate these factors on the record.

*Id.* at 920-21 (internal citations omitted); *see also e.g., Procter & Gamble*, 427 F.3d at 738-39 (district court's failure to apply *Ehrenhaus* factors is abuse of discretion).

Not one of the above factors is in play here. This action is in its infancy – I have just recently held the Rule 16 conference and have not yet held a settlement conference. The trial is set for January 2010. Nor does any docket entry mention that I have discussed with the parties, much less warned anyone about the possibility of sanctions for obstreperous behavior. Defendant utterly fails to discuss any of the above and well-settled binding Tenth Circuit authority that rejects imposition of dismissal in the first instance.

Finally, the documents filed in this matter, including this motion in light of an invitation to call my chambers to discuss the matter, indicate a lack of the cooperation this Court expects from its attorneys. Counsel for both parties are

hereby on notice that this Court not only expects, but requires, that counsel exhibit professionalism at all times in their conduct.

Wherefore,

IT IS HEREBY RECOMMENDED that Gila's motion for dismissal as a sanction *(Doc. 53)* be denied.

IT IS HEREBY ORDERED that Gila forthwith reissue its discovery requests to the proper party.

IT IS FURTHER RECOMMENDED that Defendant Gila's pending motion for summary judgment (*Doc. 52)* be denied given the above rulings.

> THE PARTIES ARE FURTHER NOTIFIED THAT WITHIN 10 DAYS OF SERVICE of a copy of these Proposed Findings and Recommended Disposition they may file written objections with the Clerk of the District Court pursuant to 28 U.S.C. § 636 (b)(1). A party must file any objections with the Clerk of the District Court within the ten day period if that party wants to have appellate review of the proposed findings and recommended disposition. If no objections are filed, no appellate review will be allowed.

_____
UNITED STATES MAGISTRATE JUDGE