IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

JENNIFER ST. JOHN, individually, and as
personal representative of the Estate of
Steve St. John, deceased,

      Plaintiffs,

v.                                 CIV 08-229 JCH/KBM

ROBERT WILCOX, M.D. and
GILA REGIONAL MEDICAL CENTER,

      Defendants.

# PROPOSED FINDINGS
## AND
## RECOMMENDED DISPOSITION

District Judge Judith C. Herrera recently referred to me certain motions *(Docs. 74, 79 & 93)* for recommended findings. *See Doc. 92 & 96.* The Court has reviewed the motions, the memoranda and any exhibits submitted by the parties. Having consulted the relevant authorities, I further find that a hearing is not required for my recommendations.

### Defendant Wilcox's Motion to Strike *(Doc. 93)*

Dr. Wilcox maintains that all references in Plaintiff's pleadings to the

decision of the New Mexico Medical Review Commission should be stricken, and relies on N.M. Stat. Ann. § 41-5-20 ("The report of the medical review panel shall not be admissible as evidence in any action subsequently brought in a court of law."). I agree with Plaintiff, however, that the references are not offered as evidence of medical negligence but rather to provide a context for the positions of the parties taken in their motions. I do not find the references prejudicial in this context and will recommend that the motion to strike be denied.

> Plaintiff's Motion to Stay Claims Against Defendant Wilcox and
> Alternative Motion for Dismissal of All Claims
> Against Defendant Wilcox Without Prejudice *(Doc. 74)*

On the other hand, I find Plaintiff's motion seeking either a stay or dismissal without prejudice as to Dr. Wilson to be without merit. This case was filed in early March 2008, and it has a tortured procedural history for which Plaintiff blames Defendants and Defendants blame Plaintiff. Counsel for all parties have repeatedly alleged that the procedural delays have arisen by either "gamesmanship" or misrepresentations by the other side. I am loathe to repeat those allegations of unprofessional conduct and will allow the record to speak for itself.

The issue now before the Court is a simple one: whether Plaintiff should be permitted to circumvent the failure to timely designate a medical expert witness by either a "stay" for her to return to the "Commission to obtain a testifying expert" or

2

permission to dismiss the claims against Defendant Wilcox *without prejudice.* I believe that neither avenue of relief should be provided.

The agreed-upon Joint Status Report *(Doc. 32)* requested March 16, 2009 as the deadline for Plaintiff's identification of expert witnesses. My scheduling order apparently contains a typographical error when it indicates March 15, 2009 as I had intended to incorporate the parties' agreed date of March 16, 2009 for that purpose.

At a telephonic conference held June 1, 2009, Plaintiff's counsel conceded that he had failed to disclose any expert witness and proffered the following explanation. Plaintiff had retained an expert witness but that expert notified Plaintiff's counsel one week *before* the disclosure deadline that he would not serve as an expert in this case. Yet the deadline came and went without any action on Plaintiff's part to secure an extension of that deadline.

Indeed, it was more than two months later and only after Defendant Wilcox filed a motion for summary judgment that Plaintiff hatched the idea to voluntarily dismiss the action as against Dr. Wilcox so that it could be re-filed before the statute of limitations runs. In that way, the discovery process and deadlines would begin anew. He does not seek the same relief as against the Defendant Medical Center because it is Plaintiff's position that no medical expert testimony is required

on the sole claim against it – an EMTALA violation.

Throughout this litigation, Plaintiff has clung to the letter of the law and relied upon technicalities for those positions to the detriment of Defendants. Now when the letter of the law has not been met, Plaintiff's counsel asks that I look to the equities of the situation. As Magistrate Judge Lorenzo F. Garcia has explained, such a result threatens faith in our system of justice and can undermine the Court's ability to manage its docket:

> When rules intended to govern a process are clear and unambiguous, and are evenly applied, a fair process results. Equal enforcement ensures that all litigants are on the same footing and that each is treated fairly and equitably. Fair treatment does not occur when one side is required to comply with rules and another side isn't.

*Martinez v. United Parcel Service, Inc., et al.*, CIV 07-0635 JEC/LFG, *Doc. 114* at 3 (June 10, 2008). Therefore, I will recommend that this motion be denied.

Motion for Leave to File Amended Answer and Third Party Complaint
filed by Defendant Gila Regional Medical Center *(Doc. 79)*

The original complaint named Sue St. John as plaintiff in three capacities: on her own behalf, as representative of her husband's estate, and as parent and next friend of Holly and Jennifer. *Id.* Later, presiding District Judge Judith Herrera granted a motion to substitute Jennifer as the sole Plaintiff. Gila took the position that because Judge Herrera's motion makes no mention about what capacity Sue St.

4

John was dismissed in, that she remained a party to this case. *See Doc. 60* at 2.
Instead, I agreed with Plaintiff that Sue St. John no longer appears in *any* capacity
as a plaintiff, and Judge Herrera adopted my finding and recommendation. *Doc. 71.*

Defendant Gila believes that Sue St. John may have played some role in her
husband's death, and posit that the substitution "was a cynical attempt to place Sue
St. John beyond the reach of written discovery and to avoid having to respond to
GRMC's written discovery – particularly its Requests for Production." *(Doc. 79* at
3). Defendant Gila now seeks to file an Amended Answer and Cross-Claim against
Sue St. John.

According to the Federal Rules of Civil Procedure, the court is to "freely give
leave when justice so requires." Fed. R. Civ. P. 15(a)(2). I agree with Gila that the
posture of this case has been a "moving target" and "until June of 2009, how many
plaintiffs, who counted as a plaintiff and who occupied what role as a plaintiff were
all open questions." *Id.* at 5.

Moreover, I am not convinced by Plaintiff's argument that the proposed
amendments to the pleading would be futile.

> We would emphasize what Judge Wood pointed out in
> *Bartlett, i.e.,* that all tortfeasors should be joined in the
> jury's determination of apportionment of damages. If
> that be so, what valid reason is there to exclude them as
> parties to the action if they are known, within the court's

> jurisdiction, and can be served, simply because plaintiff has elected not to join them?  Impleading additional defendants to seek affirmative relief, to assure complete disposition, to conserve judicial resources, or to obtain joint tortfeasor contribution has always had a healthy vitality in New Mexico practice. . . .  The abolition of contribution and contributory negligence as a complete defense should not also abolish impleader practice.  Accordingly, the rules must be adjusted and made suitable to fit the changes in the substantive law; and a third-party complaint that previously would have been allowed under joint tortfeasor contribution theories must now be allowed, under liberal construction of the rules of procedure, to assert a comparative negligence theory or a breach of contract indemnity claim, in order to assure that each person at fault bears only his proportionate share of liability.

*Tipton v. Texaco, Inc.*, 103 N.M. 689, 693 (1985).  Certainly there can be no prejudice to Plaintiff since the Estate initially sought to have Sue St. John in this case and only recently, with Judge Hererra's Order of June 4, 2009, did it become established that she is not a party to this lawsuit.  Therefore, I also find that the motion is timely and should be permitted in the interest of justice.

Wherefore,

IT IS HEREBY RECOMMENDED AS FOLLOWS:

(1)  Defendant Wilcox's Motion to Strike *(Doc. 93)* be denied;

(2)  Plaintiff's Motion to Stay Claims Against Defendant Wilcox and Alternative Motion for Dismissal of All Claims Against Defendant Wilcox

6

Without Prejudice *(Doc. 74)* be denied; and

(3)  Defendant Gila Regional Medical Center's Motion for Leave to File

Amended Answer and Third Party Complaint *(Doc. 79)* be granted.

---

THE PARTIES ARE FURTHER NOTIFIED THAT WITHIN 10

DAYS OF SERVICE of a copy of these Proposed Findings and Recommended

Disposition they may file written objections with the Clerk of the District Court

pursuant to 28 U.S.C. § 636 (b)(1).  A party must file any objections with the

Clerk of the District Court within the ten day period  if that party wants to

have appellate review of the proposed findings and recommended disposition.

If no objections are filed, no appellate review will be allowed.

---

_____
UNITED STATES MAGISTRATE JUDGE